Kathy Grismore
P.O. Box 7632
Tempe, AZ 85281
(480)833-7442

FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 1 8 2008

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CV '08 0529 PHX DKD

Kathy Grismore, Pro Se )   Case No.
                       )
        Plaintiff      )   VERIFIED COMPLAINT
                       )
vs.                    )
                       )
RJM Acquisitions LLC   )
                       )
        Defendant      )

**PLAINTIFF'S VERIFIED COMPLAINT**

**I. INTRODUCTION**

1. This action is brought before this Honorable Court for damages by an individual consumer for the Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ('FCRA'); a consumer protection act that prohibits furnishers of information from reporting inaccurate information to credit reporting agencies and the Fair Debt Collection Practice Act, 15 USC §1692 *et seq.* ('FDCPA'); that protects consumers from debt collectors from engaging in unscrupulous and unfair debt collection practices.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Honorable Court arises under 15 U.S.C. § 1681p, 28 U.S.C., §1692k (d), 28 U.S.C.§§ 1331 and 1332 and pursuant to 28 U.S.C. §1391(b)-(c) in that this action predominately involves federal laws. Jurisdiction and venue is proper in that the Plaintiff resides here, the actions complained of took place here, and the Defendant conducted business here. Supplemental jurisdiction is proper under 28 U.S.C. § 1367.

## III. PARTIES

3. The consumer and Plaintiff in this action is Kathy Grismore; a natural person residing in Mesa, Arizona. The Plaintiff is a consumer as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a (3) who may or may not be obliged to pay an alleged debt as defined by 15 USC §1692a (5).

4. RJM Acquisitions LLC dba RJM Acquisitions Funding dba RJM Acquisitions Funding LLC is the Defendant in this action and is a debt collector by federal law as defined by 15 USC § 1692a (6) and by ARS 32-1001-2. The Defendant also furnishes information to consumer reporting bureaus. The Defendant is in the business of purchasing debts and regularly collecting debts by using mails and telephone. The Defendant's principle place of business is in the State of New York located at 575 Underhill Blvd. Ste. 224 Sysosset, New York 11791/P.O. Box 18006 Hauppauge, NY 11788-8806. The New York City Dept. of Consumer Affairs lists the Defendant, RJM ACQUISITIONS FUNDING LLC as a debt collection agency; license #1255192. The Defendant is not licensed in the state of Arizona to collect debts.

5. The Defendant is *not* registered with the Arizona Department of Financial Institutions.

6. ARS 32-1021-A requires all entities collecting debts in the state of AZ to be licensed.

> A person desiring to conduct a collection agency shall make an original application to the department upon forms prescribed by the superintendent setting forth verified information to assist the superintendent in determining the applicant's ability to meet the requirements of this chapter.

7. ARS 32-1021-D For the purposes of this section, "all business transacted in this state" includes:

> 1. The collection of debts from debtors who reside in this state, regardless of where the licensee is located.
> 2. The collection of debts made from an office in this state, regardless of where the debtor resides.
> 3. The collection of debts made on behalf of creditors who reside in this state, regardless of where the debtor and the collection agent reside.

8. ARS 32-1001-2 defines a collection agency as:

"Collection agency" means:
(a) All persons engaged directly or indirectly in soliciting claims for collection or in collection of claims owed, due or asserted to be owed or due.
(b) Any person who, in the process of collecting debts occurring in the operation of his own business, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

9. Failure to be licensed is a violation of the FDCPA pursuant to 15 USC 1692e(10). See *Moore v. National Account Systems and Payco American Corp. 1991 U.S. Dist. LEXIS 18137; Sprinkle v. SB&C LTD, a/k/a Skagit Bonded Collectors 472 F. Supp. 2d 1235; 2006 U.S. Dist. LEXIS 66604.*

10. Any entity that purchases an alleged debt, takes assignment of an alleged debt, or attempts to collect on an alleged debt after it has become delinquent is a debt collector as defined by 15 USC § 1692a (6). See *Schlosser v. Fairbanks Capital Corp., 323 F.3d 534; Perry v. Stewart Title Co., 756 F.2d 1197.*

11. The FDCPA [15 USC §1692a(4)] defines a creditor as any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

### IV. FACTUAL ALLEGATIONS

12. On March 24th, 2007 the Plaintiff received a letter from the Defendants stating, "We are your new creditor." See **Exhibit A**.

13. On April 12th, 2007 the Plaintiff sent a letter to the Defendant by Certified Mail # 7005 1160 0001 8604 8980 to dispute the alleged debt in its entirety. See **Exhibit B**.

14. On April 17th, 2007 Plaintiff received a copy of her personal Trans Unon credit file on which an inquiry was placed by the Defendant. See **Exhibit C**.

15. On April 21st, 2007 Plaintiff received a copy of her personal credit file from Experian on which there is a trade line placed by the Defendants stating this the account is a collection account, past due as of March 2007, date opened December 2006, and credit limit of $423. The trade line is not listed in dispute. See **Exhibit D**.

16. On May 17th, 2007 Plaintiff disputed the trade line placed by the Defendants on her Experian credit file by certified mail #7005 1160 0001 8604 8850. See **Exhibit E**.

17. On May 17th, 2007 Plaintiff disputed the account review by the Defendants on her Trans Union file by certified mail # 7005 1160 0001 8604 8966 stating that she has had no business dealings with this entity. See **Exhibit F**.

18. On June 28th, 2007 Plaintiff received a copy of her personal credit file from Trans Union on which there is a trade line placed by the Defendants noting that the account is a collection account, open account, and loan type is listed as a factoring company account. See **Exhibit G**.

1  19. On July 3rd, 2007 Plaintiff received a copy of her personal credit file from Experian on which there is a trade line placed by the Defendant; an account listed as a collection account, past due as of June 2007, credit limit of $423, and collection as of June 2007, May 2007, and March 2007. See **Exhibit H.**

20. On July 16th, 2007 Plaintiff wrote to Trans Union via certified mail # 7005 1160 0001 8604 8959 to dispute the trade line in its entirety placed by the Defendants stating that a collection account cannot be reported as open, nor is this a factoring account. See **Exhibit I.**

21. On August 20th, 2007 Plaintiff received a copy of her personal credit file from Trans Union stating the results of its investigation. The trade line placed by the Defendants still appears noting the account as a collection account, open account, placed for collection, and the loan type still noted as a factoring account. See **Exhibit J.**

22. On September 4th, 2007 Plaintiff received a copy of her Experian credit report on which there is a trade line placed by the Defendants reporting the account in the amount of $423, past due, and installment. See **Exhibit K.**

23. On September 7th, 2007 and nearly five months after the Plaintiff disputed the alleged debt with the Defendants Plaintiff received a letter from the Defendants dated August 30th, 2007 stating that the enclosed documents constitute verification of the debt. See **Exhibit L.**

24. On November 1st, 2007 Plaintiff received a letter from the Defendant stating that it had received a CDV from Experian. See **Exhibit M.**

25. On December 20th, 2007 Plaintiff received a copy of her personal credit file from Trans Union on which there is still trade line placed by the Defendants and sill reporting as a collection account, open, and as a factoring account. See **Exhibit N.**

26. On January 19th, 2008 Plaintiff received another letter from the Defendant stating that RJM is your new creditor and offering several opportunities for the Plaintiff to pay the alleged debt. See **Exhibit O.**

27. On February 15th, 2008 Plaintiff received yet another letter from the Defendant stating that it had received a CDV from Trans Union and that it had purchased the account on December 10th, 2006. See **Exhibit P.**

28. On March 4th, 2008 Plaintiff wrote to the Defendants via U.S. Post Office Certificate of Mailing notifying the Defendants of her intent to bring an action against it in the District Court of Arizona and that she is willing to settle this matter amicably. See **Exhibit Q**.

## V. First Claim for Relief

29. The Plaintiff reiterates, re-alleges, and incorporates the foregoing paragraphs.

30. The Defendant violated 15 U.S.C. §1692g(b) by continuing collection activity after the Plaintiff had notified and disputed the alleged debt in writing. See lines 15 thru 22 above and **Exhibit B.**

31. The Defendant violated 15 U.S.C. §1692e by stating that it is the Plaintiff's new creditor. See line #12 & 25, and **Exhibits A & N.**

32. The Defendant violated 15 U.S.C. §1692e(10) by stating that it is the Plaintiff's new creditor.

33. The Defendant violated 15 U.S.C. §1692f by stating that it is the Plaintiff's new creditor.

34. The Defendant violated 15 U.S.C. §1692f (1) by stating that the Plaintiff owes it $423.00.

35. The Defendant violated 15 U.S.C. §1692e (10) because it is not licensed/registered in the state of AZ to collect an alleged debt or as a debt collection agency.

### VI. Second Claim for Relief

36. The Plaintiff reiterates, re-alleges, and incorporates the foregoing paragraphs.

37. The Defendant violated 15 U.S.C. § 1681s-2(b) by failing to investigate after notice and confirmation of errors. See line #19 above.

38. The Defendant violated 15 U.S.C. § 1681s-2(b) by failing to investigate after notice and confirmation of errors. See line #21 above.

39. The Defendant violated 15 U.S.C. § 1681s-2(b) by failing to investigate after notice and confirmation of errors. See line #24 above.

40. The Defendant violated 15 U.S.C. § 1681s-2(b) by failing to investigate after notice and confirmation of errors. See line #25 above.

### VII. Third Claim for Relief

41. The Plaintiff reiterates, re-alleges, and incorporates the foregoing paragraphs.

42. The Defendant violated 15 USC § 1692e(2)(A) by falsely characterizing the character and legal status of the account.

43. The Defendant violated 15 USC § 1692e(2)(A) by falsely characterizing the character and legal status of the account as a "factoring company" account.

44. The Defendant violated 15 USC § 1692e(8) by communicating credit information which is known or which should be known to be false, by reporting the account as a "factoring company" account.

45. The Defendant violated 15 USC §1692e(12) by the false representation or implication that accounts have been turned over to innocent purchasers for value.

46. The Defendant violated 15 USC §1692e(12) by alleging that the account is a "factoring company" account resulting in the false representation or implication that accounts have been turned over to innocent purchasers for value.

47. The Defendant violated 15 USC §1692e(2)(A) by falsely reporting the legal status of the account as not in default by reporting the account as a factoring account.

### IIX. Fourth Claim for Relief

48. The Plaintiff reiterates, re-alleges, and incorporates the foregoing paragraphs.

49. The Defendant is liable to the Plaintiff for punitive/exemplarary damages because it showed reckless, willful, and malicious disregard for the rights of the Plaintiff by continuing to report false information after it had been notifed by the credit reporting agencies that the Plaintiff disputed the inaccurate information.

### IX. PRAYER FOR RELIEF

The Plaintiff is entitled to statutory damages of $1000.00 for each and every violation of the FCRA pursuant to 15 U.S.C. §1681n (a)(1)(A);

Any actual non-pecuniary and or real damages including, but not limited to, out-of-pocket expenses, stress, and mental anguish;

Exemplary/punitive damages under the FCRA;

Attorney fees, and court costs, pursuant to 15 USC §1681n (a)(1)(A)(2)(3) and 15 USC §1681o (a)(1)(2).

The Defendant is liable to the Plaintiff for statutory damages of $1000.00 and or any actual or real damages and attorney fees pursuant to 15 U.S.C. §1692k(a)(1)(2)(A)(3). See 15 U.S.C. §1692k(b)(1).

And any other damages and or fees that may be applicable and just under federal and state law and deemed proper by the Court under its inherent and equitable powers.

WHEREFORE, THE PLAINTIFF respectfully prays that a judgment be entered against the Defendant, and in favor of the Plaintiff.

## X. DEMAND FOR JURY TRIAL

The Plaintiff respectfully requests that this Honorable Court instruct the trier of facts to award damages, the cost of litigation, and all other awards that may be deemed appropriate and just.

Respectfully submitted this 18th day of March, 2008.

Kathy Grismore
P.O. Box 7632
Tempe, AZ 85281
(480) 833-7442
grismore7442@msn.com

I, Kathy Grismore declare under the penalty of perjury that the information contained in the Verified Complaint is true to the best of my current information, knowledge, and belief and that:

1. I have prepared, read, and brought this complaint in good faith.

2. All documents attached to this verified complaint are the true and correct copies, although some items may be redacted for privacy and may contain instances of my own handwriting such as notations to myself and dates.

_____
Kathy Grismore

Sworn and subscribed before me this 18TH day of March 2008

My commission expires on: 06/27/2011  _Mary Ellen Baker_



Notary Public