Cynthia L. Fulton, Esq.  SBN 012480
Fulton Friedman & Gullace, LLP
130 N. Central Ave., Ste. 200
Phoenix, Az.  85004
602/748-4331
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATHY GRISMORE<br>              Plaintiff<br><br>Vs.<br><br>RJM ACQUISITIONS LLC<br>              Defendants | Case No.:  CV08-0529 PHX DKD<br><br>**MOTION FOR SUMMARY JUDGMENT** |

    Defendant, RJM Acquisitions LLC ("RJM") moves for summary judgment pursuant to F.R.C.P. Rule 56.  Plaintiff, Kathy Grismore ("Grismore" )alleges that RJM violated the FDCPA because it attempted to collect the debt she originally owed to Compass Bank when it did not have a collection agency license for Arizona.  Because RJM is not collecting a debt that belongs to another, as it purchased the Compass Bank account held in the name of Kathy Grismore before it attempted to collect the debt, no collection agency license is needed.  Summary judgment should be entered on that basis on Grismore's first claim for relief.

    Grismore chose not to participate in discovery.  She first advised counsel for the Defendant that she could not appear on the 29th, but would appear on a later date.  The parties agreed informally that the deposition could be rescheduled to the 30th.  After a discovery hearing held October 27, 2008, Grismore advised the Court that she objected to Defendant's counsel holding the deposition in conjunction with a judgment debtor's examination in another matter.  Her objection was overruled, the Court ordered the deposition to go forward.  Grismore called Defense counsel the following day to let her know that she would not appear because the

1

1  deposition had been set outside the times set in the Rule 16 Order.  Grismore failed to advise the

2  Court of this objection at the time of the hearing.  She nonetheless failed to appear at her

3  deposition.  As a result, the Court, pursuant to its authority under F.R.C.P. Rule 37(d) is

4  requested to sanction Grismore's conduct and to enter its order pursuant to F.R.C.P. Rule

5  37(b)(2)(A)(i – vi) by directing that the defense that the account was correctly reported to the

6  credit reporting agencies by RJM be taken as established; and/or prohibiting Grismore from

7  opposing RJM's defenses by prohibiting her from introducing into evidence claims that the

8  account was incorrectly reported and/or by striking the Complaint in whole; and/or by dismissing

9  the action in whole or in part.

10       Ms. Grismore is unable to provide best evidence for her claims that the account was

11  inaccurately reported to the credit reporting agencies because she attempts to use redacted pages

12  of credit reports to support those claims.  Her evidence in support of that claim is therefore

13  inadmissible.

14       Ms. Grismore advised the Court that she was the person who lost or destroyed the

15  originals of the redacted documents she attached to her complaint, and admitted she was the

16  party who redacted the documents used as exhibits to her complaint. She also admitted that the

17  originals were lost or thrown out in the process of copying them to use as exhibits.

18       Separately, she advised the Court in a telephonic discovery conference on October 6,

19  2008 that all documents in her possession had been produced; notwithstanding that assurance,

20  on the very last day of the discovery period, she provided information from a physician which

21  was in her possession at the time of the discovery conference, and disclosed a separate affidavit

22  describing her "mental state" at the time she received a letter advising that her overdrawn

23  checking account at Compass Bank had been sold to a debt purchaser which was attempting to

24  collect the funds due it.

25

1     Thus, summary judgment is appropriate on evidentiary grounds; alternatively, it is appropriate as a sanction for her willful failure to participate in discovery.

    This motion is supported by the attached Memorandum of Points and Authorities which is incorporated herein and attached hereto.

    Respectfully submitted this 1st day of December, 2008.

                                    Fulton Friedman & Gullace, LLP

                                    /s/ Cynthia Fulton
                                  Cynthia L. Fulton
                                  130 N. Central Ave., Ste. 200
                                  Phoenix, Az. 85004
                                  Attorneys for Defendant, RJM Acquisitions LLC

MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff, Kathy Grismore (hereafter, "Grismore"), filed suit against RJM Acquisitions LLC (hereafter, "RJM") for violations of the Fair Credit Reporting Act and for violations of the Arizona State Department of Financial Institutions regulations, which she couches in terms of violation of the Fair Debt Collection Practices Act.  She cannot support her claims under the Fair Credit Reporting Act; there is no private cause of action for violations of the statutes and regulations governing the Department of Financial Institutions.

Summary Judgment is appropriate because no genuine issue of material fact exists which would avoid entry of judgment in favor of the Defendant, RJM.  F.R.C.P. Rule 56.

DEPARTMENT OF FINANCIAL INSTITUTIONS

The statutes and regulations governing the Arizona Department of Financial Institutions allow the Department to regulate their licensees.  However, entities which collect their own debt, like RJM, are not required by the Department to hold a collection agency license.  There are some guidelines that differentiate between those who need a license and those who do not. If an entity collects its own debt and the purchase is complete at the time of the purchase transaction, meaning that the purchase is not made over time or in installments, and is not made based upon a contingency-type transaction, the purchasing entity is not required to hold a collection agency license.  See, A.R.S. 32-1001(1)[1]   and correspondence from Robert D.

---

[1] 1. "Claim" means an obligation for the payment of money or its equivalent and a sum or sums owed, due or asserted to be owed or due to another, for which a person is employed to demand payment and collect or enforce such payment, and includes:

(a) Obligations for the payment of money to another, in the form of conditional sales agreements, notwithstanding the personal property sold thereunder, for which payment is claimed or may be or is repossessed in lieu of payment.

(b) An obligation for the payment of money or its equivalent and a sum or sums owed, due or asserted to be owed or due which is sold or assigned to a purchaser or assignee for which either:

4

Charlton, attached as Exhibit A to the Declaration of Douglas Greenberg, attached hereto as Exhibit 1.  Even if, contrary to the facts, a collection agency license was required, it would be up to the Department of Financial Institutions to initiate and follow through with those requirements by issuing a cease and desist order.  See, A.R.S. §32-1001 et seq. and A.A.C. §20-4-1501 et seq. There is no private right of action for failure to acquire a collection agency license when one is required.

RJM is a debt purchaser that purchased, in this case, a portfolio of bank debt.  All purchases were made in a sale that was completed at the time of the transfer of the data from the seller to RJM.  See, Exhibit 1, Declaration of Douglas Greenberg, ¶ ¶ 4 and 5.

Because RJM is not required to maintain a collection agency license, there was no violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e.

## FAIR CREDIT REPORTING ACT VIOLATIONS

Grismore alleges that she first reviewed her credit reports in April, 2007, and that TransUnion's report showed her dispute of the debt but that the Experian report did not show evidence of a dispute.  From that alleged fact, Grismore concludes that RJM improperly reported the debt. Without the unredacted originals, RJM cannot determine if there was a reporting error, who made the error, if there were one, or even if the expurgated version of the allegedly offending report provided by Grismore is in fact an accurate reproduction of the text from the original.

Because Grismore  relies only on self –redacted copies of credit reports to prove that

---

(i) The final payment has not been tendered to the seller or assignor.

(ii) Title has not yet passed.

(iii) The purchaser or assignee has a right of recourse against the seller or assignor.

allegation, she cannot show whether the source of the alleged incorrect report was RJM, or one of the credit reporting agencies. She is unable to provide the best evidence of the credit reports because she does not have original documents, only those that are redacted, and thus inadmissible for her purposes. Likewise, the remaining portions of the exhibits to her complaint do not provide best evidence of her alleged disputes to the credit reporting agencies. Each of those documents was redacted, apparently to show only the portions Grismore wants the Court to review and not complete reports and correspondence.

"To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress." F.R.Evid. 1002, Requirement of Original. Ms. Grismore's redacted documents do not meet the definition which might allow them to be admitted into evidence. F.R. Evid. 1001(3) provides that an original is: "An "original" of a writing or recording is the writing or recording itself or any counterpart intended to have the same effect by a person executing or issuing it. . . . . If data are stored in a computer or similar device, any print-out or other output readable by sight, shown to reflect the data accurately, is an "original"."

The redacted documents do not accurately reflect the data in the documents. They have been redacted and only some of the pages of the report were provided as exhibits to the Complaint. Not only are the redacted parts of the reports significant in allowing RJM to determine the validity and source of the contents of the reports generally, most critically, RJM cannot even verify that the seemingly unredacted portions are in fact accurately reproduced from the originals. The prejudice to RJM's ability to defend against Grismore's charges is therefore patent: how can RJM properly defend itself against allegations based upon a document which only Plaintiff has seen in unaltered form?

That prejudice is only magnified when this point is considered: When the copies of the originals in unredacted form were requested in a Rule 34 Request for Production of Documents, Grismore declined to produce them indicating that they did not exist.[2] She later advised the Court during a discovery conference that the documents did not exist because she had, either deliberately, or inadvertently, lost or destroyed them while making copies of her exhibits. See, Minute Entry dated October 6, 2008 (Doc. 46)[3]. Grismore attempted to avoid disclosure of this critical fact until interrogated by the court.

Finally, because RJM suspects Grismore will attempt to utilize the late-disclosed evidence of her mental state to sustain a claim for emotional distress damages—despite refusing to submit to a deposition which would have explored that subject—RJM will be unable to utilize the full reports to cross examine Grismore about the supposed sources of her distress, including other delinquent accounts, etc.[4]

The redacted copies relied upon by Grismore are not admissible duplicates. "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the

---

[2] In Plaintiff's Responses to RJM's Request for Production of Documents, Plaintiff responded:
> 8. A copy of any Notification of Inaccuracy / Dispute form sent to you by the Defendant RJM Acquisitions LLC including your responses to items identified in the form.
> <u>Objection:</u>  The Plaintiff is not in possession of any such document or documents and the Defendant should have record or any correspondences allegedly sent to the Plaintiff and should have submitted these documents in its initial disclosures.
> 9. Any documentary evidence that you mailed the Notification of Inaccuracy / Dispute form originally mailed to you by the Defendant RJM Acquisitions back to RJM Acquisitions.
> <u>Objection:</u>  The Plaintiff is not in possession of any such document or documents and the Defendant should have record or any correspondences allegedly sent to the Plaintiff and should have submitted these documents in its initial disclosures.

[3] The Court noted during the discovery conference that a spoliation issue may exist as a result of the lack of original documents. RJM does not make that argument here, but reserves its right to assert those claims prior to trial, if necessary.

[4] The Court should note that this is not the first time Ms. Grismore has decided not to participate in discovery and been sanctioned for that choice in matters filed in this district. See Grismore v. Kenneth Eisen & Associates; Grismore v. Capital One et al (both on appeal at the 9th Circuit; and Grismore v. United Recovery Services.

7

authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." F.R.Evid. 1003.  The authenticity of the proffered copies is the critical issue here.

The redacted pages do not meet the definition of a duplicate document any more than they meet the definition of originals.  "A "duplicate" is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduces the original." F.R.Evid. 1001(4).  There has been no accurate production or reproduction of the original credit reports (Exhibits to the Complaint, C, D, G, H, J, K, and N) or dispute letters (Exhibits to the Complaint, Exhibits E, F, I). The Exhibits are not admissible as evidence to support Grismore's claims.

Ms. Grismore cannot meet her obligation under *Celotex v. Catrett*, 477 U.S. 317,322-23(1986).

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. "[T]h[e] standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

In fact, Grismore during a discovery conference with the Court advised the Court that she did not have unredacted documents.  She has no documents admissible to prove an element of her case – that the debt was reported other than accurately - as disputed.

8

RJM asserted in its answer that any error made was a bona fide error and was unintentional. No contact was made with Grismore after receipt of her dispute letter until after RJM had provided Grismore with verification of the debt on or about August 30, 2007. Declaration of Douglas Greenberg, Exhibit 1, ¶¶ 9, 10. RJM's records indicate that when it received Grismore's dispute it noted the dispute in its reporting. Declaration of Douglas Greenberg, Exhibit 1, ¶¶ 7, 8 and 11.

Wherefore, RJM Acquisitions LLC requests this Court enter summary judgment in its favor and against Kathy Grismore because there is no genuine issue of material fact. Ms. Grismore does not have admissible documents to support her claims of violations of the Fair Credit Reporting Act or of the Fair Debt Collection Practices Act.

Respectfully submitted this 1st day of December, 2008.

Fulton Friedman & Gullace LLP

/s/ Cynthia Fulton
Cynthia Fulton
130 N. Central Ave., Ste. 200
Phoenix, Az. 85004
Attorneys for Defendant RJM Acquisitions LLC

CERTIFICATE OF SERVICE

I certify that on the 1st day of December, 2008, I electronically transmitted the foregoing document to the Clerk's Office using the CM / ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM / ECF registrants:

Kathy Grismore          grismore7442@msn.com
Plaintiff

/s/ Cynthia Fulton
Attorney for Defendant