Cynthia L. Fulton, Esq.  SBN 012480
Fulton Friedman & Gullace, LLP
130 N. Central Ave., Ste. 200
Phoenix, Az.  85004
602/748-4331
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATHY GRISMORE<br>             Plaintiff<br><br>Vs.<br><br>RJM ACQUISITIONS LLC<br>             Defendants | Case No.:  CV08-0529 PHX DKD<br><br>**RESPONSE TO MOTION FOR SANCTIONS** |

Plaintiff moved for sanctions against Plaintiff's counsel because counsel set the judgment debtor examination of the Plaintiff in Grismore v. Kenneth Eisen & Associates, CV 2007-1029 PHX JAT, and the deposition of the Plaintiff at the same time, using a double caption.

On October 27, 2008, at the request of the Plaintiff, this Court held a telephonic discovery dispute hearing.  The Minute Entry issued after the hearing provides:

> Plaintiff objects to the setting of depositions in this matter taking place in conjunction with a Judgment Debtor exam on 10/29/08.  After discussion on the record, plaintiff's objection is overruled.   The deposition will take place as scheduled on 10/29/08 with the Judgment Debtor exam.

Plaintiff asserts that Defendant had no authority to commence a judgment debtor's examination despite the fact that a money judgment was entered against her March 26, 2008 and no bond has been provided. (Motion for Sanctions, paragraphs 3 and 12.)   She further asserts that she received no notice of the judgment debtor examination, despite the Court's decision after

1

the discovery dispute hearing, which indicates that the Notice of Deposition had been served and directing the judgment debtor examination and the deposition to go forward.[1]

Separately, she fails to acknowledge that F.R.C.P. Rule 69(a) allows for the taking of a judgment debtor examination. ". . . .  In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."  The Arizona Rule mimics that of the Federal Rules, except that it does not reference the practice of the state in which the district court is held.

Where procedures for accomplishing the same result are different between state and federal practices, and the case is brought in federal court, the federal procedures, not state procedures apply.  Thus, the Notice of Deposition served upon the Plaintiff is sufficient to require her presence at the appointed place and time, and was "…in the manner provided in these rules."

If Plaintiff is truly unhappy that a judgment debtor examination was scheduled in another matter, her concerns should be addressed to the court in that case in that case, and not in this one. It is no small irony that, despite having sought relief initially from this court, and being directed to take issues involving the other case to the other court, plaintiff appears to recognize that point when she declares that this court lacks jurisdiction, but nevertheless continues to seek relief in the wrong court. It is also indicative of plaintiff's absolute unwillingness to abide by any rule, or decision, with which she disagrees. Defendant requests this Court enter an order denying Plaintiff's Motion.

---

[1] The Plaintiff never appeared for either the deposition or the Judgment Debtor's examination.

Defendant further requests an award of attorney fees for having to have responded to this nuisance-brought Motion.

Respectfully submitted this 20th day of January, 2009.

                                                Fulton Friedman & Gullace, LLP

                                                /s/ Cynthia Fulton
                                                Cynthia L. Fulton
                                                130 N. Central Ave., Ste. 200
                                                Phoenix, Az. 85004
                                                Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I certify that on the 20 th day of January, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM / ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM / ECF registrants:

    Kathy Grismore        grismore7442@msn.com
    Plaintiff

                                                /s/ Cynthia Fulton
                                                Attorney for Defendant