Cynthia L. Fulton, Esq.  SBN 012480
Fulton Friedman & Gullace, LLP
130 N. Central Ave., Ste. 200
Phoenix, Az.  85004
602/748-4331
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATHY GRISMORE<br>　　　　　　Plaintiff<br><br>Vs.<br><br>RJM ACQUISITIONS LLC<br>　　　　　　Defendants | Case No.:  CV08-0529 PHX DKD<br><br>**REPLY TO PLAINTIFF'S RESPONSIVE/OPPOSITION MEMORANDUM TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant, RJM Acquisitions LLC provides its Reply in support of its Motion for Summary Judgment, and requests the Court enter Judgment in its favor and against the Plaintiff because she is unable to provide the Court with admissible evidence to support her claims.

## LICENSING

There is no private cause of action for a violation of Arizona's licensing statutes and regulations which require some debt collectors to hold a license issued by Arizona's Department of Financial Institutions. See, A.R.S. §32-1001 et seq. and A.A.C. §20-4-1501 et seq.

Generally, if the entity is a limited liability company that collects debt it purchased, then it is not required to hold a license.  This is the information provided to RJM Acquisitions, by the Department of Financial Institutions. See, RJM's Separate Statement of Facts, Douglas Greenberg Affidavit, Exhibit A.  Because RJM purchased a portfolio in its entirety prior to collecting on Plaintiff's defaulted checking account with Compass Bank, it did not need a collection agency license. RJM's Separate Statement of Facts, paragraphs 3 and 4.  It is the State of Arizona that determines requirements for licensing, rather than the U.S. Congress, which

1

1  enacted the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  The two
2  governing entities are separate, and their responsibilities and regulations do not necessarily
3  exclude one another.
4       Plaintiff seems to misunderstand that the regulatory "payment in full" requirement which
5  exempts RJM from an Arizona collection agency license is the condition required for the
6  transaction between RJM and Compass Bank.  It does not apply to RJM's offer to assist
7  consumers who owe it money by agreeing to accept payments on the amounts owed.  There is
8  nothing in the Complaint that indicates the offer to take payments on the amounts due to RJM is
9  an act that legally could not be taken, and, from a practical standpoint, it is not logical.  There is
10 no Fair Debt Collection Practices Act violation that arises when RJM offered to take payments
11 on the debt underlying this litigation.

12      **FAIR CREDIT REPORTING ACT**

13      F.R.C.P. Rule 803 contains the exceptions to the hearsay rule, one of which allows for
14 business records of regularly conducted activity to become admissible.  Although Plaintiff claims
15 that she verified the allegations in her complaint, she is unable to lay the foundation for the
16 redacted documents which she did not prepare.   She is not a business.  She does not work for
17 TransUnion or for Experian.  She cannot verify the records of those companies, nor has she
18 provided custodian of records information with regard to them.  Those documents are not
19 admissible under any of the exceptions to the hearsay rule, and it is Plaintiff's burden of proof to
20 show that they are admissible.  She has not done so.
21      Plaintiff cannot provide the Court with the evidence she hopes the court will consider
22 because she is unable to show that RJM incorrectly reported her dispute to the credit reporting
23 agencies.  RJM's information is that it provides the exact same information, from its own data to
24 the credit reporting agencies.  RJM further indicates through its counsel that it reviewed its
25 reporting of the Plaintiff's account, and reported the account disputed at the next reporting cycle

1  after it first received Ms. Grismore's dispute, April 12, 2007.  This information is a record of
2  regularly conducted activity.  The affidavit also indicates that RJM reports monthly at the
3  beginning of the month, and those reports are made electronically -  again, regularly reported
4  activity not assembled for the purpose of the instant litigation.  Moreover, Ms Grismore
5  completely fails to address the main thrust of RJM's Motion: that the documents she did provide
6  are inadmissible under the Best Evidence Rule.

7       RJM performed the investigation Ms. Grismore wanted, and it reported the account
8  disputed.  RJM provided Ms. Grismore with a copy of her signature card from Compass Bank,
9  several months of statements and a copy of the check she wrote on insufficient funds.  RJM
10  knew which accounts it had purchased from Compass Bank.  Compass Bank knew which
11  accounts had been sold to RJM.  Plaintiff's allegation that the letter from Compass Bank
12  identifying her account as one that had been sold to RJM is a new document made for purposes
13  of litigation is incorrect; the letter is rather a confirmation of the transaction and the transaction
14  date of the sale of Plaintiff's account.

15       Although Grismore indicates that the data screen prints received by RJM are not
16  authenticated, they show the information received and retained in RJM's computer file for Ms.
17  Grismore's account.  They show the date received and the dispute code.  They constitute
18  business records of regularly conducted activity between the credit reporting agencies and RJM,
19  and they are authenticated by a person with knowledge of the records retained by RJM.

20       Ms. Grismore has no evidence to show the Court that RJM incorrectly reported the
21  information about her account to the credit reporting agencies.  RJM has shown, through its
22  business records that it first reported the account disputed in April, 2007; that it verified its
23  reporting back to the credit reporting agencies because its records indicated the dispute.

24

25

Because Ms. Grismore is unable to lay the foundation for the evidence she wishes the Court to review, to show that RJM reported incorrectly to the credit reporting agencies, she is unable to carry her burden of proof as to this case. Contrary to her assertions, RJM has provided the Court with admissible evidence showing that its records reflect the reporting of the account as disputed from the next reporting period after receipt of her first dispute.

RJM Acquisitions, LLC requests this Court grant it summary judgment.

Respectfully submitted this 26th day of January, 2009.

                              Fulton Friedman & Gullace, LLP

_____
Cynthia L. Fulton
130 N. Central Ave., Ste. 200
Phoenix, Az. 85004
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on the 26 th day of January, 2009, I electronically transmitted the foregoing document to the Clerk's Office using the CM / ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM / ECF registrants:

Kathy Grismore        grismore7442@msn.com
Plaintiff

_____
Attorney for Defendant