**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

**(NOT FOR PUBLICATION)**

| | |
|---|---|
| Kathy Grismore, | No. CIV 08-0529-PHX-DKD |
| Plaintiff, | **ORDER** |
| vs. | |
| RJM Acquisitions, LLC, | |
| Defendant. | |

Currently pending before the Court are respective motions for summary judgment filed by the parties. Plaintiff Kathy Grismore brought an action for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (FCRA) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) and seeks summary judgment on all claims. Defendant RJM Acquisitions has filed a Motion for Summary Judgment, seeking dismissal of Grismore's claims. RJM contends that because it is not collecting a debt that belongs to another, it does not require a collection agency license, and therefore her FDCPA claim should be dismissed. RJM also argues that because Grismore cannot provide originals or unredacted copies of documents she seeks to use in support of her FCRA claims, her evidence to support those claims is inadmissible and they should also be dismissed. In addition, RJM argues that because Grismore chose not to participate in discovery, the Court may dismiss the action pursuant to its authority under Rule 37(d) of the Federal Rules of Civil Procedure. The parties have consented to magistrate judge jurisdiction pursuant to 28

U.S.C. § 636(c) (Doc. #16). For the reasons stated below, the Court will deny Grismore's Motion for Summary Judgment, and grant RJM's Motion for Summary Judgment.

## BACKGROUND

Grismore filed a *pro se* Complaint on March 18, 2008 (Doc. #1). In her complaint she alleged violations of both the FCRA and the FDCPA. Specifically, she alleged that RJM violated the FDCPA as follows: (1) by continuing collection activity after she had disputed the alleged debt in writing; (2) by stating that it was Grismore's new creditor; and (3) by falsely characterizing the character and legal status of the account. She alleged violations of the FCRA as a result of RJM's failure to investigate after notice and confirmation of errors. In support of her allegations, she attached numerous exhibits consisting of redacted documents (Doc. #11). She claimed both statutory and punitive damages (Doc. #1). She also filed a motion to proceed *in forma pauperis* (Doc. #3). The Court held its ruling in abeyance, pending Grismore's submission of further information as to her financial situation (Doc. #5). Grismore later withdrew her motion, having paid the required fees to the Clerk of Court (Doc. #9).

RJM filed an Answer on June 20, 2008 (Doc. #14). The Court scheduled a Case Management Conference for July 25, 2008, and ordered initial disclosures and the submission of a Joint Case Management Report (Doc. #17). On June 26, 2008, upon RJM's motion, the Case Management Conference was rescheduled for August 4, 2008 (Doc. #19). On that same date, Grismore moved to strike RJM's Answer as "insufficient, redundant and scandalous" (Doc. #20). She argued that (1) RJM was required to file a verified answer; (2) general denials are insufficient and RJM should be required to make more definite statements; (3) the answer is nonsensical, shows an intent to abuse the litigation process, and is a mockery; and (4) certain of RJM's affirmative defenses are insufficient (*Id.*). On July 24, 2008, the parties filed a Joint Proposed Case Management Plan (Doc. #23).

On July 27, 2008, Grismore filed a Motion for Summary Judgment (Doc. #24). In her motion, she alleged as follows: (1) RJM is not licensed to collect debts in Arizona, in

- 2 -

1 violation of the FDCPA; (2) RJM reported and verified inaccurate information to credit
2 reporting agencies in violation of the FCRA; (3) RJM failed to investigate after notice from
3 the credit reporting agencies in violation of the FCRA; (4) RJM verified inaccurate
4 information to the credit reporting agencies in violation of the FCRA; and (4) RJM failed to
5 answer the verified complaint and to raise any valid defenses (Doc. #24).

6       On July 29, 2008, RJM filed a Motion for Extension of Time to Respond to
7 Grismore's Motion (Doc. #25). RJM argued in its motion that Grismore had filed her motion
8 prematurely in an attempt to avoid discovery; that the scheduling conference had not yet
9 occurred; that initial disclosures were not yet due; that discovery deadlines had not yet been
10 issued; and that the parties anticipated that discovery could continue through November 7,
11 2008 (*Id.*). RJM requested an extension of time to complete discovery or delay the
12 consideration of the motion until such time as the parties were able to complete discovery.
13 Grismore responded that in her motion she "has simply asked this Court [to] render a
14 decision on those matters that are not a material issue" (Doc. #26 at 4). She also asserted that
15 (1) "Plaintiff has dealt with counsel for the Defendant and knows that she [counsel] intends
16 to start a discovery dispute"; (2) Defendant "knows the Plaintiff is aware of the unethical and
17 unprofessional behavior of its counsel and intent to abuse the litigation and discovery
18 process"; and (3) "Counsel for Defendant is hoping for the same partiality that she has found
19 in other Courts [to] allow her to abuse the litigation process" (*Id*. at 4). RJM argued in its
20 reply as follows:

21     "Until such time as Defendant has had the Opportunity to make requests
    for complete and unredacted documents, to take the Plaintiff's deposition, to
22     request information about the appropriate credit reporting agencies, and to
    determine whether the Plaintiff has admissible evidence on any issue other
23     than her own biased statements, Defendant requests this Court provide it with
    the time necessary pursuant to F.R.C.P. 56(f) to complete its discovery prior
24     to requiring a response to Plaintiff's Motion for Summary Judgment."

25 (Doc. #27 at 1-2).

26       At the Scheduling Conference held on August 4, 2008, the Court considered the
27 pending motions filed by both parties, noting initially that the need for discovery would
28

likely address both motions. The Court explained to Grismore that the purpose of the Answer is to put people on notice as to the Defendant's initial view of the case within the tight timetable provided by the rules, and that RJM's answer was sufficient for that purpose. The Court then denied Grismore's Motion to Strike. Regarding RJM's Motion for Extension of Time, the Court explained to Grismore that from an efficiency standpoint it is not particularly helpful to consider dispositive motions in a piecemeal fashion. The Court also pointed out that it could be beneficial to Grismore to allow discovery to take place, after which she would have the ability to amend or modify her motion for summary judgment. The Court then granted RJM's motion. The Court discussed possible discovery deadlines with the parties, and on August 6, 2008, issued a Case Management Order (Doc. #29). On August 10, 2008, Grismore filed written objections to the Court's August 4 rulings. *See* Doc. #30.

During the following two months, Grismore filed numerous pleadings indicating that she had not received initial disclosures from RJM, and she objected to certain of RJM's requests for production. *See* Doc. ##34, 41, 42. At Grismore's request, on October 6, 2008, the Court presided over a telephonic discovery dispute. The Court noted initially that Grismore's pleadings contravened the procedure outlined in the Case Management Order for dealing with discovery disputes because she had not received leave of court prior to filing any of her discovery pleadings. The Court then reviewed with the parties the proper procedure to follow in a discovery dispute.

In response to Grismore's claim that RJM had not provided initial disclosures, but only a list of the documents in its possession, the Court explained that RJM was not required to provide the actual documents at the time of initial disclosures. The Court read the pertinent part of Rule 26 of the Rules of Civil Procedure to Grismore. RJM then notified the Court that it had requested unredacted copies of the numerous exhibits attached to the Complaint, and that Grismore had not provided them. When the Court asked Grismore for an explanation, she avowed that she did not have any unredacted copies of those exhibits.

1 She first explained that she had either misplaced them or lost them when she was making
2 copies. She then clarified that she had in fact redacted the information on all the copies
3 immediately after having received them.

4 At Grismore's request, the Court presided over a second discovery dispute on October
5 27, 2008. Grismore informed the Court that she objected to the fact that counsel for RJM had
6 noticed her deposition in this case at the same time as a judgment debtor exam in another
7 case. The Court overruled the objection, explaining to Grismore the efficiency of conducting
8 both proceedings at the same time, and that the Court saw no apparent conflict in so doing.
9 The Court ordered that the deposition would take place as scheduled on October 29, 2008.
10 To accommodate Grismore's schedule, RJM later agreed to move the deposition to October
11 30, 2008. On October 29, Grismore informed counsel for RJM that she would not attend the
12 deposition on October 30; she failed to appear for her scheduled deposition. *See* Doc. #58,
13 Affidavit of Nonappearance.

14 On December 1, 2008, RJM filed a Motion for Summary Judgment (Doc. #57). In the
15 motion, RJM argues that because it is not collecting a debt that belongs to another, it does
16 not require a collection agency license, and therefore Grismore's FDCPA claim should be
17 dismissed. RJM also argues that because Grismore cannot provide unredacted copies of
18 documents she seeks to use in support of her FCRA claims, her evidence of those claims is
19 inadmissible and they should also be dismissed. In addition, RJM argues that because
20 Grismore chose not to participate in discovery, the Court should dismiss the action pursuant
21 to its authority under Rule 37(d) of the Federal Rules of Civil Procedure. On January 20,
22 2009, Grismore filed a Motion for Sanctions concerning opposing counsel's actions in
23 scheduling the judgment debtor exam in another civil case at the same time as her deposition
24 in this case, and which she had failed to attend (Doc. #60).[1] Following her response to

---

[1] Because the Court previously found no apparent prejudice in allowing the deposition to be taken at the same time as the judgment debtor exam, and had overruled her objection, this motion will be denied.

- 5 -

1  RJM's motion, and RJM's reply, Grismore filed a Motion to Strike RJM's reply as untimely
2  (Doc. #65). In RJM's response to this motion, counsel explained that the slight delay in
3  filing was due to an internal calendaring error in her office, which had since been corrected,
4  and that Grismore had suffered no prejudice as a result of the slight delay (Doc. #66).

5  RJM is a debt collector as defined in section 1692a(6) of the FDCPA and is not
6  registered with the Arizona Department of Financial Institutions (Doc. #11, Exh A; Doc. #14
7  at 2). RJM is not required to maintain an Arizona Collection Agency license because it
8  collects it own debts (Doc. #58, Exh A). RJM purchased a collection account in the name
9  of Kathy Grismore as the account holder from Compass Bank (*Id*., SOF 1). The face amount
10 of the account purchased was $423.38. The purchase included a copy of the check written
11 that overdrew the account, the signature card and the account statements that showed how
12 the bank calculated the amount due (*Id*., SOF 2). The purchase was complete, and the
13 account was owned by RJM when it began to collect the amount due (*Id*., SOF 3).

14 On or about March 19, 2007, RJM sent a letter to Grismore, which included the
15 statement "We are your new creditor" (Doc. #11, Exh A; *Id.* at 3). When RJM reports
16 accounts to the credit reporting agencies with which it has contracted, the information it
17 maintains regarding the accounts in its own data system is reported to the credit reporting
18 agencies. The reports are made electronically to all credit reporting agencies from the same
19 data source and the reports are electronically transmitted at approximately the same time and
20 day. Reports are transmitted monthly at the beginning of each month (*Id*., SOF 5). After
21 receiving Grismore's dispute regarding the account dated April 12, 2007, RJM reported the
22 dispute to the credit reporting agencies in its next reporting cycle (*Id*., SOF 6).

23 On August 30, 2007, RJM sent a letter to Grismore enclosing documents verifying a
24 debt in the amount of $423.38 (Doc. #11, Exh L; Doc. #14 at 2). On October 26, 2007, RJM
25 sent Grismore a letter indicating that it had received a Consumer Dispute Verification from
26 a credit reporting agency in which Grismore questioned some aspect of its reporting of the
27 account (Doc. #11, Exh M; Doc. #14 at 3). RJM reported to the agency specific information
28

concerning the overdrawn bank account which was the source of the underlying debt (*Id.*). On January 19, 2008, RJM sent a letter to Grismore again advising her that it was her new creditor, and offering three opportunities for her to satisfy the alleged debt, including two choices that would discount the amount by 40% (Doc. #11, Exh O; Doc. #14 at 3). On February 7, 2008, RJM sent Grismore a letter, indicating that it had received a Consumer Dispute Verification from a second credit reporting agency in which Grismore questioned RJM's reporting of the account. RJM informed the credit reporting agency that it had purchased the account on December 10, 2006 (Doc. #11, Exh P; Doc. #14 at 3). RJM admits receipt of a letter from Grismore dated March 4, 2008, in which she notifies RJM of her intent to bring an action against RJM in the District Court of Arizona and that she is willing to settle this matter amicably (Doc. #11, Exh Q; Doc. #14 at 4).

## DISCUSSION

A court may grant summary judgment if the pleadings and supporting documents, when viewed in a light favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The moving party carries the initial burden of proof and meets this burden by identifying portions of the record on file that demonstrate the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-24. Substantive law determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The primary purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323-324. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Additionally, the party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2), *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). If the evidence is merely colorable or does not afford proof or evidence, summary judgment may be granted. *Anderson* at 249-50.

An Arizona financial institution that collects its own debt is not required to hold a collection agency license. If the purchase of the debt is complete at the time of the purchase transaction, and not made over time or in installments, or based upon a contingency-type transaction, the institution is not required to hold such a license. *See* A.R.S. § 32-1001(1). RJM's purchase of a portfolio of bank debt was completed at the time of the transfer of the data in December, 2006, and it was not required to possess a license. In any event, there is no private right of action for the failure to acquire such a license. Therefore, RJM is entitled to summary judgment on Grismore's FDCPA claim.

Grismore also claims violations of the FCRA, alleging that RJM reported and verified inaccurate information to credit reporting agencies and failed to investigate after notice from the credit reporting agencies. However, as RJM notes, Grismore has failed to submit any admissible evidence to support these claims. She has admitted to the Court, in a discovery dispute and to RJM in her response to its Request for Production, that no unredacted documents exist concerning any of the above claims, and has further admitted that the documents she has offered as evidence of these claims were in fact self-redacted. The Court agrees with RJM that without the unredacted originals, which Grismore had in her power the ability to produce, RJM cannot determine if there was in fact a reporting error, and who was responsible for the error, if there was one. Absent such admissible evidence, Grismore cannot show whether the source of the error, if there was an error, was RJM or one of the credit reporting agencies. Without the required original documents, she cannot prove the alleged content of the writing in those documents. *See* Fed. R. Evid. 1002. Because a genuine issue has been raised by RJM about the authenticity of the original documents, and Grismore has not put forth any reason why the redacted documents could fairly serve as

1  "duplicates" of the original documents, *see* Fed. R. Evid. 1003, she cannot establish the
2  existence of an element essential to her case:  that RJM reported the debt inaccurately.
3  Because of this, there exists no genuine issue as to any material fact, as "a complete failure
4  of proof necessarily renders all other facts immaterial." *Anderson*, 477 U.S. at 250.  RJM
5  is therefore entitled to judgment as a matter of law because Grismore has failed to make a
6  sufficient showing as to an essential element of her case.  *Id*.  Nor has she refuted the
7  admissible evidence provided by RJM that no contact was made with Grismore until after
8  RJM had provided her with verification of the debt, and that when it received her dispute, it
9  was noted in its report forwarded to the credit reporting agencies.

**IT IS THEREFORE ORDERED denying** Plaintiff Kathy Grismore's Motion for Summary Judgment (Doc. #24).

**IT IS FURTHER ORDERED granting** Defendant RJM's Motion for Summary Judgment (Doc. #57).

**IT IS FURTHER ORDERED denying** Grismore's Motion for Sanctions and Motion to Strike (Doc. ##60, 65).

The Clerk shall enter judgment in favor of Defendant.

DATED this 25th day of March, 2009.

_____
David K. Duncan
United States Magistrate Judge